UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| DAVID C. FAULKINGHAM, JR., )<br>)<br>      Plaintiff  )<br>)<br>v.  )<br>)<br>CUMBERLAND COUNTY  )<br>JAIL, et al.,  )<br>)<br>      Defendants  ) | Civil No. 04-272-P-H |

**Recommended Decision on Motion for Preliminary Injunction**

David Faulkingham, a federal pretrial detainee, has filed a motion for preliminary injunction and temporary restraining order in this prisoner civil rights case brought against named individuals employed by the Cumberland County Jail and Correctional Medical Services (CMS), the medical service provider at the jail.  (Docket No. 8.)  On December 14, 2004, Faulkingham filed is initial complaint, alleging violations of his constitutional rights and claiming that named individuals had failed to address his serious medical needs arising from a liver condition (Compl. ¶¶ D. 1 – D.3), had denied him access to the courts and photocopying services, (id. ¶¶ D, 4- D. 5), and had retaliated against him for filing a lawsuit (id. ¶ D. 6).[1]  On January 12, 2005, he filed the instant

---

[1]  I refer to this pleading as the "initial" complaint.  In truth Mr. Faulkingham has filed other civil cases in this court during the period that his criminal case, United States v. Faulkingham, 01- CR- 004 –B-W, has been pending.  On August 20, 2002, the First Circuit Court of Appeals reversed an order of this court granting Faulkingham's motion to suppress.  The matter was returned to the trial list.  On September 3, 2002, I ordered Faulkingham released on conditions of release (he had been released pending resolution of the Government's appeal on the motion to suppress).  On October 24, 2002, I issued an arrest warrant for Faulkingham when he failed to appear for a hearing on a motion for revocation of his pretrial release.  Faulkingham was arrested on March 18, 2004, and he has been incarcerated as a pretrial detainee since then.  During the last year he has filed the following lawsuits:  Faulkingham v. Penobscot County Jail, Civ. No. 04-48-B-K, filed April 5, 2004, pending; Faulkingham v. Penobscot County Jail, Civ. No. 04-86-B-W, filed May 19, 2004; pending, Faulkingham v. Maine Department of Corrections, Civ. No. 04-57-B-W, filed

motion for preliminary injunction and temporary restraining order, claiming that he had a broken shoulder and that the CMS defendants had been deliberately indifferent to his serious medical needs by refusing to provide treatment for the shoulder injury. Faulkingham alleged in pleadings in support of the motion that CMS possessed x-rays that would confirm that his shoulder had been injured. Approximately one month after filing his motion for preliminary injunction and shortly after the CMS defendants had answered and the matter should have been in order for resolution, Faulkingham filed a motion to stay this litigation, claiming that his shoulder injury was so severe he could not proceed. (Docket No. 20.) I pointed out the apparent conflict between staying litigation and a pending motion that alleges an emergency situation giving rise to irreparable injury. (Docket No. 21). In my February 24, 2005, order reserving ruling on this motion to stay I indicated to the parties that I would take appropriate action, including holding an evidentiary hearing if that would expedite the case, after the defendants had an opportunity to fully respond to Faulkingham's pending motions.

The defendants have now fully responded to Faulkingham's motions and this consolidated response describes Faulkingham's on-going medical tests and treatments. (Docket No. 34.) I have already endorsed Faulkingham's motion to stay, denying that request and issuing a scheduling order. I now recommend that the court **DENY** the pending motion for preliminary injunction and temporary restraining order because

---

April 14, 2004, dismissed by affirmance of recommended decision on September 29, 2004; Faulkingham v. Chintin, Civ. No. 04-105B-W, filed June 21, 2004, voluntarily dismissed by Faulkingham on November 2, 2004; Faulkingham v. Penobscot County Jail, Civ. No. 04-114-B-W and its companions Faulkingham v. Penobscot County Jail, Civ. No.04-CV-115-B-W, and Faulkingham v. Boiler, Civ No. 04-116-B-W.  The three last listed case were all filed July 12, 2004, and all three cases were dismissed upon the August 30, 2004, affirmance of my recommendation because Faulkingham failed to pay the $150 filing fee and I denied his request to proceed in forma pauperis even though he had not yet technically had "three strikes" under the Prison Litigation Reform Act, I concluded that his repeated initiation of lawsuits against separate individuals at the Penobscot County Jail should be subject to a filing fee requirement because his conduct in filing repeated lawsuits on the same general subject matter bordered on frivolous litigation.

Faulkingham has shown neither a likelihood of success on merits nor that he will suffer irreparable harm without injunctive relief.

## Discussion

In order for Faulkingham to obtain a preliminary injunction requiring CMS and/or the Cumberland County Jail to immediately provide him with medical treatment for his shoulder injury, I must find that the following criteria are met:

(1)  that Faulkingham has exhibited a likelihood of success on the merits (at most, a probability; at least, a substantial possibility);

(2)  that Faulkingham will suffer irreparable injury if the injunction is not granted;

(3)  that such injury outweighs any harm which granting the injunctive relief would inflict on CMS and the Cumberland County Jail; and

(4)  the effect (if any) of the court's ruling on the public interest.

See Ross-Simons of Warwick, Inc. v. Baccarat, Inc., 102 F.3d 12, 15 (1st Cir. 1996); Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bishop, 839 F. Supp. 68, 70 (D. Me. 1993).  Following this familiar flowchart, I will first consider whether Faulkingham has shown the requisite likelihood of success in this lawsuit, "the main bearing wall" of the four-part test.  Ross-Simons of Warwick, Inc., 102 F.3d at 16.

Faulkingham's lawsuit principally alleges an Eighth Amendment claim that the county jail and its medical provider have been, and are continuing to be, deliberately indifferent to his serious medical needs.  True, the case began as a complaint about a liver condition and morphed into a complaint about a shoulder injury (and perhaps mental health treatment, (see Resp. Mot. Prelim. Inj. at 1 n.1, Docket No. 34)), but -- whether liver, shoulder, or mind (or all three) -- the legal essence of the complaint is that the

defendants have failed to meet their constitutional obligations under the Eighth Amendment.

In the underlying Eighth Amendment suit, Faulkingham will have to demonstrate that he is being denied necessary medical care. The jail must provide Faulkingham with "'the minimal civilized measure of life necessities,'" Wilson v. Seiter, 501 U.S. 294, 298 (1991) (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)), and the denial of necessary medical care can arise to the level of an Eighth Amendment violation, see generally Farmer v. Brennan, 511 U.S. 825 (1994); Estelle v. Gamble, 429 U.S. 97 (1976). However, inmates do not have a right to limitless doctor visits or their choice of medications, and negligence and medical malpractice are not actionable. Daniels v. Williams, 474 U.S. 327, 333 (1986) (noting that 42 U.S.C. § 1983 provides a right of action for civil rights violations and cannot be used to sue correctional officials for negligence).

Faulkingham has not demonstrated that he will more likely than not succeed on the merits nor has he demonstrated with any degree of clarity that he will suffer some irreparable injury if the court does not intervene and require CMS to provide additional or alternative treatment for the shoulder injury. The record, at this juncture, indicates that Faulkingham is receiving medical attention and that Faulkingham is really disputing the proper course of treatment. For the same reason, in view of the defendants' sworn statements that they are attending to Faulkingham's conditions, Faulkingham has not made a showing that there is a potential for irreparable injury. And, as for the balance of equities for and against an injunction and the effect on the public interest – viewed here

4

with the caution of 18 U.S.C. § 3626(a)(2)[2] in mind – I believe it would be palpably inappropriate for this court to issue an order dictating that the defendants approach their treatment of Faulkingham in a different fashion.

## Conclusion

For these reasons I recommend that the Court **DENY** Faulkingham's motion for a preliminary injunction.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof.  A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

Dated April 19, 2005

---

[2] The cited statutory provision provides that with respect to preliminary injunctive relief in the context of a prison conditions suit, the relief must be narrowly drawn and extend no further than necessary to correct the harm.  As I can discern no constitutional harm on the facts before me, there is no appropriate injunctive relief for the court to fashion.